```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
 STRIKE 3 HOLDINGS, LLC,                                     :
                                                             :
                                        Plaintiff,           :
                                                             :
                         - against -                         :   24-CV-643 (VSB)
                                                             :
 JOHN DOE subscriber assigned IP address                     :         ORDER
 68.129.182.39,                                              :
                                                             :
                                        Defendant.           :
                                                             :
------------------------------------------------------------ X
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

Plaintiff is a media company that produces adult films with high production value and distributes those films to paying subscribers through its website. (*See* Doc. 1.) On January 29, 2024, Plaintiff initiated this action by filing a Complaint. (*Id.*) Plaintiff alleges that Defendant used the file-sharing network BitTorrent to download and distribute Plaintiff's films without authorization and asserts a claim for direct copyright infringement against Defendant. (*See id.* ¶ 4.) Plaintiff does not know Defendant's identity; Defendant is identified in the Complaint by the Internet Protocol ("IP") address allegedly associated with the unauthorized downloading, copying, and distribution of Plaintiff's films.

A party generally may not seek discovery from any source before the parties meet and confer as required by Federal Rule of Civil Procedure 26(f). However, a party may seek discovery before the Rule 26(f) conference if the court so orders. *See* Fed. R. Civ. P. 26(d)(1). On February 10, 2024, Plaintiff filed a motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference, (Doc. 6), along with a memorandum of law and three declarations in support of its motion, (Doc. 7).

1

For present purposes, the question is simply whether Plaintiff satisfies the "flexible standard of reasonableness and good cause" necessary to authorize discovery prior to a Rule 26(f) conference. *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005)). Here, Plaintiff has stated a prima facie claim of copyright infringement "sufficient for purposes of this motion and appears to have no other way of obtaining the identities of the alleged infringers." *Id.* There is no way for the litigation to proceed unless Defendant can be identified. Under these circumstances, courts routinely grant motions to serve subpoenas upon ISPs prior to a Rule 26(f) conference to identify the persons associated with the IP addresses responsible for the allegedly infringing activity. *See, e.g.*, *Malibu Media LLC v. Does 1-11*, No. 12-CV-3810 (ER), 2013 WL 3732839, at *2 (S.D.N.Y. July 16, 2013); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 188 (S.D.N.Y. 2012). I see no reason to proceed differently in this case.

As courts have widely recognized in similar cases, however, there is a reasonable chance that the person responsible for the allegedly infringing conduct is not the person or entity whose name and address are associated with the IP address in the ISP's billing records. *See, e.g.*, *In re BitTorrent Adult Film Copyright Infringement Cases* (*In re BitTorrent*), 296 F.R.D. 80, 84–85 (E.D.N.Y. 2012); *SBO Pictures, Inc. v. Does 1-3036*, No. 11-4220 (SC), 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011). Because each wireless Internet router has a single IP address, numerous individual users—potentially including neighbors or passers-by if a residential network is unsecured, or countless members of the general public if the network is at a café or an airport—may be associated with a single IP address. *See In re BitTorrent*, 296 F.R.D. at 84. "This risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants . . . who want to avoid the embarrassment of having their names publicly

associated with allegations of illegally downloading [pornographic films]." *Digital Sin*, 279 F.R.D. at 242 (internal quotation marks omitted).

For this reason, when asked to authorize early discovery of Internet subscriber information in cases involving the alleged downloading or distribution of pornography, courts regularly craft procedures to ensure that the Internet subscriber can contest the subpoena before his personal information is revealed. *See, e.g.*, *In re BitTorrent*, 296 F.R.D. at 83; *Digital Sin*, 279 F.R.D. at 244–45; *Digital Sin, Inc. v. Does 1-5698*, No. 11-04397 (LB), 2011 WL 5362068, at *5–6 (N.D. Cal. Nov. 4, 2011); *Sony Music Entm't Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 559 (S.D.N.Y. 2004). Plaintiff represents in its memorandum of law that it does not object when alleged infringers wish to proceed anonymously. (*See* Doc. 7 at 3–4.) I have no reason to question this representation and have no specific reason to doubt that Plaintiff or its counsel will act in good faith. Nonetheless, I find it efficient and appropriate to put in place procedural protections now that will ensure Defendant's ability to remain anonymous should Defendant or Defendant's ISP wish to contest the subpoena.

Accordingly, Plaintiff's Motion for Leave to Serve a Third-Party Subpoena, (Doc. 6), is hereby GRANTED, subject to the procedure set forth below to provide the Internet subscriber with a fair opportunity to contest the subpoena before his identity is disclosed to Plaintiff. *See Digital Sin*, 279 F.R.D. at 244–45. IT IS HEREBY ORDERED that:

- Plaintiff may immediately serve a third-party subpoena upon Defendant's ISP, pursuant to Federal Rule of Civil Procedure 45, requiring the ISP to disclose the name and address associated with IP address 68.129.182.39. The subpoena shall have a copy of this Order attached.

- The ISP shall have fifteen (15) days from the date the subpoena is served upon it to

serve the affected Internet subscriber with a copy of the subpoena and a copy of this Order.  The ISP may use any reasonable means to do so, including but not limited to written notice to the subscriber's last known address.

- The Internet subscriber shall have forty-five (45) days from the date of service of the subpoena upon him to file any motion with the Court to contest the subpoena, including any request to litigate the subpoena anonymously.  <u>The ISP shall not produce any subpoenaed information to Plaintiff during this period.</u>

- If this 45-day period lapses without the Internet subscriber filing a motion to contest the subpoena, the ISP shall produce to Plaintiff all information necessary to comply with the subpoena within ten (10) days thereafter.

- The ISP may also move to contest the subpoena, consistent with the usual requirements of Federal Rule of Civil Procedure 45.  If it does so, it shall ensure that its filings do not disclose to Plaintiff any identifying information concerning the affected Internet subscriber.

- If any motion is filed to contest the subpoena, the ISP shall not produce any subpoenaed information to Plaintiff until the Court has resolved the motion and has ordered the ISP to disclose the information.

- The ISP shall preserve any subpoenaed information pending resolution of any motion to contest the subpoena.

SO ORDERED.

Dated: April 1, 2024
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge